*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHIL FORNER,

      Appellant,

v

ALLENDALE CHARTER TOWNSHIP,

      Appellee,

and

CONSTRUCTION CODE COMMISSION,

      Intervening-Appellee.

UNPUBLISHED
March 12, 2020

No. 346701
Construction Code Commission
LC No. 00-000000

Before: CAMERON, P.J., and SHAPIRO and LETICA, JJ.

PER CURIAM.

Appellant, Phil Forner, appeals pursuant to MCL 125.1518 a final decision from the Michigan Construction Code Commission (the Commission), which upheld a decision from the Allendale Charter Township Construction Board of Appeals (the Township Board).[1] We affirm.

Appellant is a licensed mechanical contractor who performed permitted work on a single-family residence within Allendale Charter Township. Appellant installed supply air and return air ductwork in the basement of the residence. He fastened the supply air ductwork with one-inch crimp and lap joints and three screws, but he did not seal the supply air ductwork. The local inspector performed a requested mechanical rough-in inspection, and he did not approve the supply air ductwork. The inspector indicated that the supply air ductwork needed to be sealed, but in his notice reciting the disapproval he did not provide any written reference to the specific residential

---

[1] Appellant filed a claim of appeal with this Court naming only Allendale Charter Township as an appellee. We granted the Commission's motion to intervene. *Forner v Allendale Charter Twp*, unpublished order of the Court of Appeals, entered May 30, 2019 (Docket No. 346701).

code chapter and section number that provided the requirement. E-mail correspondence between appellant and the inspector indicated that the inspector was relying on Michigan Residential Code (MRC) sections M1601.4.1 and N1103.2.2.

Appellant expressed his disagreement with the inspector's reliance on those sections. Appellant then appealed the inspector's decision to the Township Board, who determined that the inspector was required to provide appellant with written notice of the code chapter and section number that appellant violated and had to remedy. The Township Board otherwise denied appellant the relief sought, concluding in part that the MRC required the supply air ductwork in question to be sealed and that such a requirement was cost-effective.

On September 18, 2018, appellant filed an application for construction code appeal with the Bureau of Construction Codes (the Bureau). He appealed the entire decision of the Township Board. The application was validated on September 20, 2018, and it was marked as received by the Bureau on September 25, 2018. On September 26, 2018, the Bureau asked the Township Board to provide its final decision and the documents used to make decision. The Bureau requested that all of the information be provided by October 26, 2018. The Township Board provided the requested documents to the Bureau on October 17, 2018. On October 25, 2018, the Bureau informed appellant via e-mail that it had transferred his appeal to the Commission that same day. The Bureau informed the Commission that it was required to decide appellant's appeal within 30 days. On November 20, 2018, a three-person panel of the Commission heard and decided the appeal. On November 29, 2018, the Commission issued a final decision upholding the Township Board on all issues. The Commission issued an amended final decision clarifying that it approved Item I of appellant's appeal, which sought verification that a building official must provide notice of code violations as required by R408.30509a. The Commission again advised appellant "that the cold air return must be sealed." Appellant then filed the instant appeal.

"A final agency decision is subject to court review but it must generally be upheld if it is not contrary to law, is not arbitrary, capricious, or a clear abuse of discretion, and is supported by competent, material and substantial evidence on the whole record." *Vanzandt v State Employees Retirement Sys*, 266 Mich App 579, 583; 701 NW2d 214 (2005). Except when a different standard of review applies,

> [T]he court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:
>
> (a) In violation of the constitution or a statute.
>
> (b) In excess of the statutory authority or jurisdiction of the agency.
>
> (c) Made upon unlawful procedure resulting in material prejudice to a party.
>
> (d) Not supported by competent, material and substantial evidence on the whole record.
>
> (e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.

(f) Affected by other substantial and material error of law. [MCL 24.306(1).]

We review questions of law, including issues of statutory interpretation, de novo. *Dawson v Secretary of State*, 274 Mich App 723, 728; 739 NW2d 339 (2007).

We begin with the substantive issue on appeal, which is appellant's argument that a provision of the state construction code is enforceable only if it is found to be cost-effective. Appellant does not dispute that the MRC requires ductwork to be sealed. Chapter 11 of the MRC governs energy efficiency and provides that "[d]ucts, air handlers, and filter boxes shall be sealed," Section N1103.2.2, and that "[a]ll portions of the air distribution system shall be installed in accordance with section M1601," N1103.2.1. In turn, M1601.4.1, which is found in the chapter of the MRC governing duct systems, states that "[j]oints . . . seams, and connections in ductwork shall be securely fastened and sealed . . . ." In this case, appellant did not seal the supply air ductwork as required by the above provisions.

However, he argues that these provisions are not cost-effective as applied to the work at issue in this case, and that "code officials" are required to make that determination before issuing any individual citation. The Township Board found the pertinent regulations cost-effective, and appellant asked the Commission to overturn that decision. The Commissioned declined to do so, reasoning that it did not have the authority to rewrite the state construction code. We agree with the Commission.

The Stille-DeRossett-Hale Single State Construction Code Act (the Act), MCL 125.1501 *et seq.*, states in part:

> The *director* [of the Department of Licensing and Regulatory Affairs (LARA)] shall *prepare* and *promulgate* the *state construction code* consisting of rules governing the construction, use, and occupation of buildings and structures, including land area incidental to the buildings and structures, the manufacture and installation of building components and equipment, the construction and installation of premanufactured units, the standards and requirements for materials to be used in connection with the units, and other requirements relating to the safety, including safety from fire, and sanitation facilities of the buildings and structures. [MCL 125.1504(1) (emphasis added).]

The Act provided numerous standards that the director must adhere to in promulgating the construction code. Relevant to this case, MCL 125.1504(3)(f) and (g) state:

> (3) The code shall be designed to effectuate the general purposes of this act and the following objectives and standards:
>
> * * *
>
> (f) To provide standards and requirements for cost-effective energy efficiency that will be effective April 1, 1997.

-3-

(g) Upon periodic review, to continue to seek ever-improving, cost-effective energy efficiencies.

The Act defines "cost-effective" as follows:

(p) "Cost-effective", in reference to section 4(3)(f) and (g), means, using the existing energy efficiency standards and requirements as the base of comparison, the economic benefits of the proposed energy efficiency standards and requirements will exceed the economic costs of the requirements of the proposed rules based upon an incremental multiyear analysis that meets all of the following requirements:

(*i*) Considers the perspective of a typical first-time home buyer.

(*ii*) Considers benefits and costs over a 7-year time period.

(*iii*) Does not assume fuel price increases in excess of the assumed general rate of inflation.

(*iv*) Ensures that the buyer of a home who would qualify to purchase the home before the addition of the energy efficient standards will still qualify to purchase the same home after the additional cost of the energy-saving construction features.

(*v*) Ensures that the costs of principal, interest, taxes, insurance, and utilities will not be greater after the inclusion of the proposed cost of the additional energy-saving construction features required by the proposed energy efficiency rules than under the provisions of the existing energy efficiency rules. [MCL 125.1502a(p).]

Appellant's reliance on these statutory provisions is misplaced. As MCL 125.1504 makes clear, the requirement of cost-effective rules applies to the director of LARA in drafting and revising the state construction code. That is, the director must promulgate cost-effective energy efficiency rules in accordance with the Act. MCL 125.1504 does not govern the Commission's review of decisions from a board of appeals, nor does it allow the Commission to determine that a rule is unenforceable on the grounds that it is not cost-effective as applied to a particular project. Thus, the Commission correctly determined that it did not have the authority to grant appellant the relief he sought—to determine that sealing the air ductwork was not cost-effective. That would essentially constitute rewriting the MRC, which the Commission is not authorized to do. Appellant asserts that the Township Board has previously declined to enforce a code provision after determining that it was not cost-effective. Whether the Township Board has that discretion or is required to exercise it is not presently before us. Our review is limited to the Commission's final decision, and, for the reasons stated, we agree with its ruling on this matter.

Appellant also raises numerous procedural challenges. First, he argues that the Bureau is not authorized by law to determine if the Commission has jurisdiction to hear the appeal from a

board of appeals. Appellant fails to persuade us that the Bureau may not provide administrative support for the Commission, which has no support staff of its own. But appellant's argument really concerns whether the Commission violated MCL 125.1516(1)'s requirement that "[a]n appeal to the commission shall be decided within 30 days after receipt of the appeal by the commission." That is, the question is whether the 30-day period begins when an application for a construction code appeal is filed with the Bureau, which is appellant's view, or whether the clock starts only when the appeal has been approved by the Bureau and submitted directly to the Commission, which is the Commission's current practice. Typically, we do not decide issues that have no practical legal effect on the case before us. *In re Gerald L Pollack Trust*, 309 Mich App 125, 154-155; 867 NW2d 884 (2015). And we see no reason to deviate from that rule in this case. We affirm the Commission's decision resolving appellant's appeal on the merits, and so a ruling on the proper interpretation of MCL 125.1516(1) would not offer him any relief. Further, appellant fails to explain how his substantial rights were prejudiced by the time taken to decide his appeal. See MCL 24.306(1).

Appellant next argues that his due-process and equal-protection rights were violated because the Commission did not audio record the November 20, 2018 hearing in which it decided his appeal.

Appellant received the fundamental requirements of due process, i.e., "adequate notice, an opportunity to be heard, and a fair and impartial tribunal." *Hughes v Almena Twp*, 284 Mich App 60, 59; 771 NW2d 453 (2009). Appellant received written notice on August 21, 2018, that the rough-in inspection had not been approved because the supply air ductwork needed to be sealed. After e-mail communications between the inspector and appellant, the inspector provided appellant with the code sections on which he was relying. Appellant then took action on September 5, 2018, by appealing the inspector's decision to the Township Board, as mandated by the Act, MCL 125.1514(1). After receiving an unfavorable outcome, in part, appellant then appealed the Township Board's decision to the Commission, as mandated by the Act, MCL 125.1516(1). The Commission held a hearing to address appellant's appeal on November 20, 2018. Appellant attended the hearing and presented his arguments and objections. The Commission then issued a final decision on November 29, 2018, and an amended decision a few days later clarifying that it agreed with appellant on one of the issues he presented.

It is undisputed that the Commission was not required by statute to record the hearing. And consideration of the three factors outlined in *Mathews v Eldridge*, 424 US 319, 335; 96 S Ct 893; 47 L Ed 2d 18 (1976), does not persuade us to impose that requirement as a matter of due process. The three factors to consider are:

> (1) the private interest that will be affected by the action of the State, (2) the governmental interest that will be affected if the safeguard is to be provided, and (3) the probable value of the additional or substitute procedural safeguards that are sought, and the risk of an erroneous deprivation of the affected interest if those safeguards are not provided. [*People v Kennedy*, 502 Mich 206, 215; 917 NW2d 355 (2018) (quotation marks and citation omitted).]

Even assuming the first two factors weigh in appellant's favor, he fails to establish that an audio recording of the Commission's closed session substantially reduces the risk of an erroneous

decision.  First, an audio recording does not protect against an erroneous ruling before the Commission, but rather creates a record for (limited) appellate review.  Second, in lieu of an audio recording, appellant received the Commission's minutes from the public hearing and the appeal review panel meeting, as well as the Bureau's notes from that meeting.  Appellant asserts that the meeting minutes provided by the Commission are incomplete.  However, the minutes contain the reasons for the Commission's rulings on the substantive issues presented by appellant in his appeal.  Thus, there is an adequate record for appellate review in this case.  For those reasons, appellant fails to establish a due-process right to audio recordings of the Commission's closed sessions.

Defendant's equal-protection claim is also without merit.  Equal protection of the law is guaranteed by both the federal and Michigan constitutions.  US Const, Am XIV; Const 1963, art 1, § 2.  "The Equal Protection Clause requires that all persons similarly situated be treated alike under the law." *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 486 Mich 311, 318; 783 NW2d 695 (2010).  Appellant does not identify a similarly-situated class of people that was treated differently.  Rather, he asserts that Commission passed a motion on April 17, 2019, directing the Bureau to audio record Commission meetings and recordings. However, that motion was passed *after* the hearing on the appeal at issue in this case, and so appellant fails to establish that Commission applied a general policy to him in a discriminatory manner.

Affirmed.

/s/ Thomas C. Cameron
/s/ Douglas B. Shapiro
/s/ Anica Letica